UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | USDC No. 21-cr-555 (RCL) |
| | ) | |
| Pamela Anne Hemphill,   *defendant*. | ) | |

UNOPPOSED MOTION TO CONTINUE STATUS HEARING

Defendant, through undersigned counsel Nathan I. Silver, II, Esq., appointed by this Court under the Criminal Justice Act, respectfully moves the Court, with no opposition from the United States, to continue the status hearing set for Nov. 18, 2021 at 12:30 p.m. for a period of approximately thirty (30) days, to a date convenient with the Court and the parties, for the reasons that follow.

1. The defendant is charged in a four-count information with misdemeanor offenses arising from the breach of the U.S. Capitol on January 6, 2021.

2. The government has provided much of its expected pretrial discovery material to the defendant, some of which her counsel has already reviewed and discussed with his client.

3. In addition to pretrial discovery, much of which consists of the government's investigative materials, there were also videos made by the defendant on her telephone and transferred to disks that were placed in a safe-deposit box at the defendant's bank. At her initial appearance, the defendant was ordered not to move or otherwise interfere with those disks. Since then, the government obtained and executed a search warrant to obtain the disks. The government, through its counsel and FBI Special Agent David Shumway, then made arrangements with undersigned counsel for him to provide external hard drives so that he and the defendant both

could have copies of the videos, as required by Rule 16 discovery.  (The defendant's phone had previously been seized so she herself did not have a copy of the videos.)  Agent Shumway arranged for the copying of the material on hard drives counsel provided to him.  On Tuesday, Nov. 9, counsel received his copy of the hard drive, delivered by Federal Express.  The defendant received her hard drive a few days earlier.

4. It will be necessary for counsel to review the videos and confer with his client about their content.

5. The parties have also had preliminary discussions about a possible plea offer in this case that, if the defendant were to accept it, would avoid the necessity of a trial.

6. For the stated reasons, the parties need additional time and believe that a status hearing held on November 18 as scheduled would not be an efficient use of the Court's time, as they would expect to request a further date for status.

7. The parties believe that a thirty-day extension will be sufficient time for it to have a fruitful status hearing with the Court.  For scheduling, counsel notes that government counsel will not be personally available because of travel plans until on or after Dec. 21, 2021.  Undersigned counsel will be available that week, as well as that of December 28, 2021, should the Court wish to schedule a hearing during that period.

8. The defendant, along with the Government, does not oppose the tolling of time under the Speedy Trial Act, as they believe it is in the interest of justice to do so.

    A proposed Order is attached.

    WHEREFORE, the defendant respectfully moves the Court to grant said relief.

        This pleading is,

Respectfully submitted,

/s/

NATHAN I. SILVER, II
Unified Bar #944314
6300 Orchid Drive
Bethesda, MD 20817
(301) 229-0189 (direct)
(301) 229-3625 (fax)
email: nisquire@aol.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served via ECF on Katherine Nielsen, Esq., assistant U.S. Attorney for the District of Columbia and attorney of record for the government in the instant case, this 11th day of November, 2021.

/s/
_____
*Nathan I. Silver, II*