UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **PAMELA ANNE HEMPHILL**, <br><br> *Defendant.* | Case No. 1:21-cr-555-RCL |

## MEMORANDUM ORDER

    For her involvement in the January 6, 2021 attack on the United States Capitol, Defendant Pamela Hemphill pleaded guilty to a single petty offense. She received a sentence of 60 days' imprisonment, to be followed by 36 months' probation. Hemphill has now moved for early termination of her probation pursuant to 18 U.S.C. § 3564(c). She does so on the basis that her sentence is illegal under the D.C. Circuit's decision in *United States Little*, which held that a court sentencing a defendant for a single petty offense may impose imprisonment or probation but not both. *See* 78 F.4th 453, 454 (D.C. Cir. 2023). However, § 3564(c) invests district courts with discretion to grant early termination only when, having considered the purposes of sentencing set forth in § 3553(a), the Court is satisfied that early termination is warranted by both the interest of justice and the conduct of the defendant.

    Here, Hemphill has failed to advance any substantive argument for why the Court should award early termination, and the Court concludes that she has failed to establish that early termination is warranted by her conduct or consistent with the § 3553(a) factors. The Court will therefore **DENY** her motion.

1

## I.   BACKGROUND

On January 21, 2022, Hemphill pleaded guilty to one count of Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). Plea Agr., ECF No. 25; Min. Entry (Jan. 21, 2022). On May 24, 2022 this Court sentenced her to a term of imprisonment of 60 days, to be followed by a term of probation of 36 months. Amend. Judgment, ECF No. 42; Min. Entry (May 24, 2022).

In December 2023, Hemphill moved for early termination of probation under 18 U.S.C. § 3564(c). *See* Def. Mot., ECF No. 48.[1] Instead of filing an opposition to Hemphill's motion, the Government moved to hold her motion in abeyance pending the D.C. Circuit's decision in *United States v. Caplinger*, No. 22-3057 (D.C. Cir. appeal docketed Aug. 19, 2022). *See* Abeyance Mot., ECF No. 49. The Court denied that motion. Order, ECF No. 50. It ordered the government to serve and file an opposition memorandum to Hemphill's motion within fourteen days. *Id.* 4. It also stated that "Hemphill may serve and file a reply memorandum within seven days after service of the Government's opposition." *Id.* The government timely filed an opposition. Gov. Opp'n, ECF No. 50. However, Hemphill did not file a reply.

This motion is now ripe for review.

## II.   LEGAL STANDARD

Section 3564(c) establishes a framework for deciding motions for early termination of probation. It provides:

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of

---

[1] Although Hemphill's one-page motion invoked 28 U.S.C. § 2255, the Court has construed it as a motion for early termination of probation under 18 U.S.C. § 3564(c) because the motion is entitled "Motion to Terminate Probation," it states it "respectfully moves the Court to terminate defendant's term of three (3) years probation," and it does not reference any specific requirements for relief under § 2255. *See* Def. Mot.

2

>a misdemeanor . . . if it is satisfied that such action is warranted by the conduct of
the defendant and the interest of justice.

18 U.S.C. § 3564(c).  Therefore, as in the case of the parallel early termination of supervised release statute,² § 3564(c) permits a court to terminate a term of probation early only if the following three requirements are met: (1) early termination is warranted by "the interest of justice;" (2) early termination is warranted by "the conduct of the defendant;" and (3) early termination would be consistent with the applicable § 3553(a) factors.  *See United States v. Harrison*, No. 98-cr-235-RCL-5, 2021 WL 1820289, at *3 (D.D.C. May 6, 2021) (observing that 18 U.S.C. § 3582(e)(1) "allows courts to terminate a term of supervised release early when two conditions [concerning the interest of justice and the defendant's conduct] have been met and when certain enumerated factors set forth in 18 U.S.C. § 3553(a) support the early termination." (citing *United States v. Mathis-Gardner*, 783 F.3d 1286, 1287 (D.C. Cir. 2015)); *see also United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) ("The conjunction 'and' used in the statute . . . clearly indicates that a district court must conclude that the early termination of supervised release is warranted *both* by the individual's conduct and also by the interest of justice.") (emphasis added).

---

² *See* 18 U.S.C. § 3583(e)(1) ("The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]").

### III.    DISCUSSION

The Court will not award Hemphill early termination of probation under 18 U.S.C. § 3564(c). Even assuming that the alleged illegality of a sentence is an appropriate basis for a motion for early termination,[3] Hemphill has not established her entitlement under the statutory factors. Even if the interest of justice warrants early termination, Hemphill has not shown that early termination is warranted by her conduct or consistent with the § 3553(a) factors.

#### A. The Defendant Has Not Shown Her Conduct Warrants Early Termination

Hemphill has not established that her conduct warrants early termination. Indeed, she has not even attempted to establish changed circumstances or exceptionally good behavior.

As this Court recently explained in *United States v. Rader*, No. 1:22-cr-57-RCL, 2024 WL 474535 (D.D.C. Feb. 7, 2024), courts have typically held that defendants seeking early termination under § 3564(c) must demonstrate more than just compliance with the terms of probation. *See, e.g.*, *United States v. Payne*, No. 1:17-cr-142, 2020 WL 2813438, at *1 (E.D. Tex. May 29, 2020) ("Courts have routinely found that 'mere compliance with the conditions of probation' does not warrant early termination of a probation term, as such behavior is required by law." quoting *United States v. Salazar*, 693 F. App'x 565, 566 (9th Cir. 2017)); *United States v. Ferrell*, 234 F. Supp. 3d 61, 64 (D.D.C. 2017) (finding early termination not warranted by the conduct of the defendant despite her good behavior and compliance with the terms of probation); *United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination is not warranted where a defendant

---

[3] In *United States v. Lussier*, the Second Circuit held that a court may not modify a condition of supervised release under 18 U.S.C. § 3583(e)(2) on the basis that the condition is illegal. *See United States v. Lussier*, 104 F.3d 32, 34 (2d Cir. 1997). The *Lussier* Court reached this conclusion because § 3583(e)(2) does not list the legality of a condition as a relevant consideration and because using § 3583(e)(2) to attack the legality of a sentence would be "inconsistent with the scheme of appellate and collateral review established by the Sentencing Reform Act of 1984." *Id.* at 35–37. Similar reasoning might support an argument that § 3564(c) may not be used to attack the legality of a sentence. But the Court will not decide this question now, because even if § 3564(c) applies, early termination is clearly not warranted on the facts of this case.

did nothing more than that which he was required to do by law."); *United States v. Paterno*, No. 99-cr-0037, 2002 WL 1065682, at *3 (D.N.J. Apr. 30, 2002) ("Merely complying with the terms of his probation and abiding by the law are not in and of themselves sufficient to warrant early termination of probation; rather, that is simply what is expected of Defendant.").

Instead, "[e]arly termination is typically granted only upon a showing of new or changed circumstances not contemplated during sentencing, 'such as exceptionally good behavior.'" *Payne*, No. 2020 WL 2813438, at *1 (quoting *United States v. Smith*, No. 3:10-cr-53-DPJ-FKB, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014)); *see also United States v. Hilton*, No. 13-cr-172-PJH, 2014 WL 3728176, at *3 (N.D. Cal. July 28, 2014) (concluding that the defendant "has failed to demonstrate 'exceptionally good behavior' or other changed circumstances that would render the three-year probation term either too harsh or inappropriately tailored to serve general punishment goals.") (citing *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000)).

Hemphill has made no effort whatsoever to demonstrate changed circumstances such as exceptionally good behavior. Her motion does not address the § 3564(c) factors, let alone offer any substantive argument for why her behavior warrants early termination. *See* Def. Mot. Even after the government pointed out in its opposition that Hemphill had not addressed this factor, *see* Gov. Opp'n 19, she did avail herself of the opportunity to do so by filing a reply brief. The Court is aware that Hemphill has made public statements indicating acceptance of responsibility. *See* Michael Daly, *Jan. 6 Convict Tells the Truth About Trump: He's a Cult Boss*, Daily Beast (June 27, 2023), https://www.thedailybeast.com/jan-6-convict-pamela-hemphill-tells-the-truth-about-trump-hes-a-cult-boss [https://perma.cc/R2V8-8RNN] (quoting Hemphill as stating: "I'm not a victim of Jan 6, I pleaded guilty because I was guilty!"]; *but see* Sentencing Transcript, ECF No. 44, 14:19–21 ("Not to excuse my actions, but my intentions were to record what was going on, not

5

to be a part of it."). A defendant's acceptance of responsibility is welcome, but not exceptional. Therefore, Hemphill has failed to establish that her behavior warrants early termination.

### B. The § 3353(a) Factors Weigh Against Early Termination

Terminating Hemphill's probation early would be inconsistent with the applicable factors set forth in § 3553(a).

Section 3553(a) directs a court to "impose a sentence sufficient, but not greater than necessary, to comply with" the purposes of sentencing, including:

> **(a)(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> **(2)** the need for the sentence imposed—
> > **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > **(B)** to afford adequate deterrence to criminal conduct;
> > **(C)** to protect the public from further crimes of the defendant; and
> > **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> . . .

18 U.S.C. § 3553(a).

Terminating Hemphill's probation early would not necessarily be consistent with the aims articulated by Congress in § 3553(a). As discussed above, although the Court is aware of Hemphill's public statements indicating acceptance of responsibility, many defendants accept responsibility for their actions. If penitent words alone justified early termination, that would not "promote respect for the law," and might instead undermine "adequate deterrence to criminal conduct." *See* § 3553(a)(2)(A)–(B).

The Court also recognizes that, according to Hemphill's Probation Officer, Hemphill has complied with her conditions of probation. The Court appreciates her compliance. However, adhering to the conditions of probation "is not exceptional such that it requires early termination of probation" because doing so "was ordered by the Court, and compliance is expected." *United*

6

*States v. Steven*, 455 F. Supp. 3d 1092, 1098 (D. Kan. 2020). Finally, Hemphill has not advanced an argument for why early termination would accord with the § 3553(a) factors. These factors therefore counsel against early termination.

**C. Even If the Interest of Justice Favors Early Termination, That Is Not Enough**

Even if the interest of justice supports terminating Hemphill's probation so that she does not have to finish serving an illegal sentence, that factor alone cannot justify early termination under § 3564(c).

Whether the interest of justice supports early termination is no easy question. Hemphill does not address this factor. But one might argue, as another defendant recently did, that the interest of justice supports early termination because that would release the defendant from the kind of split sentence held illegal under *Little*. *See Rader*, 2024 WL 474535, at *4. But different considerations may point in the other direction. The "interest of justice" phrase "does give the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period," *Pregent*, 190 F.3d at 283, or in this case, probation period. The interest of justice might arguably *disfavor* early termination, because that would result in the defendant ultimately receiving an amount of punishment less than what the Court initially found appropriate under the § 3553(a) factors. Had the Court foreseen the D.C. Circuit's decision in *Little* at the time it sentenced Hemphill, it would not have imposed a sentence of the same format, but it might have imposed a sentence of equivalent or greater punishment. One might also argue that the interest of justice would not be served by permitting a defendant to circumvent the established statutory scheme for challenging illegal sentences through direct appeal, 18 U.S.C. § 3742, or collateral attack, 28 U.S.C. § 2255. *Cf.*

7

*United States v. Pryer*, No. 1:21-cr-667-RCL-2, 2024 WL 404378, at *3–8 (D.D.C. Feb. 2, 2024) (discussing the limited ways in which a defendant may challenge a sentence as illegal).

In any event, the Court need not decide how the interest of justice bears on this case. The text of § 3564(c) makes clear that early termination must be warranted by *both* the interest of justice *and* the conduct of the defendant, and must be informed by § 3553(a) factors. So even if the interest of justice supports early termination, that factor alone cannot suffice to grant Hemphill's motion.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the defendant's motion for early termination is **DENIED**.

**IT IS SO ORDERED.**

Date:  2/13/24

Royce C. Lamberth
United States District Judge